1

2

3

# UNITED STATES DISTRICT COURT

4

EASTERN DISTRICT OF CALIFORNIA

5

6   MICHAEL A. MURRAY,                     CASE NO. 1:11-cv-01313-DLB PC

7                        Plaintiff,        ORDER DISMISSING COMPLAINT
                                           WITH LEAVE TO AMEND FOR
8        v.                                FAILURE TO STATE A CLAIM

9                                          (ECF No. 12)
    MERCED COUNTY JAIL-SHERIFF'S
10  DEPARTMENT, et al.,
                                           RESPONSE DUE WITHIN THIRTY
11                       Defendants.       DAYS

12

13

14  _____

15  I.      **Background**

16          Plaintiff Michael A. Murray ("Plaintiff") is a prisoner proceeding pro se and in forma

17  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by

18  filing his complaint on August 9, 2011.  On April 25, 2012, Plaintiff filed his First Amended

19  Complaint.  ECF No. 12.

20          The Court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

22  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

23  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

24  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

25  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

26  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

27  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

28  1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.   Summary Of First Amended Complaint

Plaintiff is incarcerated at John Latorraca Correctional Center in El Nido, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: Mark Pazin, head sheriff of the Merced County Sheriff's Department; the County of Merced Board of Supervisors; Merced County Jail Sheriff's Department; Amanda Gibson, medical program manager of the California Forensic Medical Group for Merced County Jail; Dr. David, medical doctor; nurses Debbie and Dave, RNs; and Deputy Saldana.

Plaintiff alleges the following. On March 21, 2011, March 30, 2011, July 15, 2011, July 22, 2011, and July 24, 2011, Plaintiff wrote medical grievances complaining about not receiving appropriate medication and treatment for his right shoulder. Plaintiff complained of being over-charged for his medical treatment, such that he is charged $3.00 co-pay for what he considers to be follow-up treatment. Plaintiff was referred to see an orthopedic doctor, however, medical staff kept avoiding treatment for Plaintiff. On July 13, 2011, Plaintiff's pain medication was revoked. Plaintiff is in constant pain.

Plaintiff refers to his exhibits as support for his allegations. Defendant Gibson, the medical program manager, responded to Plaintiff's grievances filed March 21, July 15, July 22, and July 24. She referred Plaintiff to submitting a sick call slip regarding Plaintiff's complaints of lack of medical care.

On July 13, 2011, Defendant Saldana conducted a cell search of Plaintiff's cell and found Plaintiff's pain medication. Defendants Saldana, Dave, and Debbie stopped Plaintiff's pain

medication.  Plaintiff repeatedly requested an appointment to see an orthopedic doctor for his shoulder but has not been seen.  On July 22, 2011, Plaintiff was seen by a medical doctor, who promised to prescribe pain medication for Plaintiff, namely ultratram, bacafin, and naproxen.  However, on July 24, 2011, Plaintiff only received a prescription for ibuprofen, which Plaintiff says was previously demonstrated to not help treat Plaintiff's pain.  Plaintiff filed an inmate grievance on July 27, 2011, repeating his previouscomplaints of lack of adequate pain medication and non-referral to an orthopedic doctor.

Plaintiff contends a violation of the Eighth Amendment and medical malpractice.  Plaintiff requests declaratory relief, compensatory and punitive damages, injunctive relief for better and adequate treatment, and court costs.[1]

## III.   Analysis

### A.    Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).   The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

"Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

---

[1]      Plaintiff also requested attorney's fees.  Plaintiff as a pro se litigant is not entitled to attorney's fees under 42 U.S.C. § 1988.  *Friedman v. Arizona*, 912 F.2d 328, 333 n.2 (9th Cir. 1990).

inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state an Eighth Amendment claim against Defendants Saldana, Dave, and Debbie. Plaintiff alleges deprivation of pain medication for his chronic pain for at least two weeks, which is sufficient to satisfy the objective prong. *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104, F.3d 1133 (9th Cir. 1997) (en banc). However, Plaintiff fails to allege facts which demonstrate that Defendants Saldana, and nurses Dave and Debbie, knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Plaintiff alleges only that Defendants Saldana, Dave, and Debbie stopped Plaintiff's pain medication prescription.

Plaintiff fails to state an Eighth Amendment claim against Defendant Gibson. Plaintiff alleges that Defendant Gibson responded to Plaintiff's inmate grievances by telling Plaintiff to submit a call slip regarding his medical care. Plaintiff fails to allege other facts which demonstrate that Defendant Gibson acted with deliberate indifference. *See Farmer*, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.").

Plaintiff names Defendant medical doctor David, but fails to link Defendant David to any act that would demonstrate a violation of Plaintiff's constitutional or federal rights. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law.").

Plaintiff's allegations regarding lack of referral to an orthopedic doctor or pain specialist is not sufficient to state a claim as to the subjective prong. Plaintiff alleges at most a difference of opinion between the physician and a prisoner concerning the appropriate course of treatment,

which is not sufficient to state an Eighth Amendment claim for deliberate indifference to a serious medical need. *Toguchi*, 391 F.3d at 1058.

Plaintiff's allegations regarding being charged fees for medical services does not violate the Eighth Amendment. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985) (per curiam) (no Eighth Amendment violation when charging prisoners for medical services unless it prevents prisoners from receiving medical care).

**B.    Supervisory Liability**

Plaintiff names Defendants Mark Pazin, head sheriff of the Merced County Sheriff's Department, the County of Merced Board of Supervisors, and Merced County Jail Sheriff's Department.  The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 556 U.S. at 677.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Id.* at 676.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.  *Id.*  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to allege facts which demonstrate that Defendant Pazin, the County of Merced Board of Supervisors, or the County of Merced Sheriff's Department personally participated in an alleged deprivation of constitutional rights, knew of constitutional violations and failed to act to prevent them, or implemented or promulgated a policy that is itself a repudiation of constitutional rights and is the moving force of the constitutional violation.

C.    **State Law Claims**

Plaintiff alleges medical malpractice by Defendants, a state law claim.  California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  S*tate v. Superior Court of Kings County (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  *State v. Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988).  As there is no such pleading in this complaint, Plaintiff's state law claims are dismissed.

Additionally, because Plaintiff has failed to allege any cognizable federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims.  28 U.S.C. § 1367(c)(3).

IV.    **Conclusion And Order**

Plaintiff fails to state any cognizable claims against any Defendants.  The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

(9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's first amended complaint is dismissed for failure to state a claim, with leave to file a second amended complaint within thirty (30) days from the date of service of this order; and

3.      If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 16, 2012**                       /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE