# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. MURRAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERCED COUNTY JAIL SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-01313-DLB PC<br><br>**ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS**<br><br>ECF No. 14 |

**I.　Background**

Plaintiff Michael A. Murray ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on August 9, 2011. On April 25, 2012, Plaintiff filed his First Amended Complaint. ECF No. 12. On July 17, 2012, the Court screened Plaintiff's First Amended Complaint and dismissed it for failure to state a claim, with leave to amend. ECF No. 13. On August 16, 2012, Plaintiff filed his Second Amended Complaint. ECF No. 14.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.      Summary Of Second Amended Complaint

Plaintiff is incarcerated at John Latorraca Correctional Center in El Nido, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: Mark Pazin, head sheriff of the Merced County Sheriff's Department; Amanda Gibson, medical program manager of the California Forensic Medical Group for Merced County Jail; Dr. David, medical doctor; nurses Debbie and Dave, nurses; and Deputy Sheriff Saldana.

Plaintiff alleges the following. On July 13, 2011, Plaintiff's pain and psychotropic medication was revoked by Defendants Saldana, Debbie, and Dave. Plaintiff did not receive his medication until approximately three weeks later. Plaintiff suffered from chronic pain in his shoulder. Plaintiff was denied his medication as part of a disciplinary act.

Plaintiff was seen by Defendant Dave at some point prior, and Defendant Dave recommended that Plaintiff be seen by an orthopedic specialist regarding his shoulder. Defendant Nurse Dave referred Plaintiff to Defendant Dr. David. Defendant David, however, did not refer Plaintiff to see an orthopedic specialist. Plaintiff has not seen an orthopedic specialist for over twenty-one months since the referral.

Plaintiff filed several grievances on March 21, 2011, July 15, 2011, July 22, 2011, and July 24, 2011 regarding his issues with his medication and the lack of referral to see an orthopedic specialist. Defendant Gibson responded to Plaintiff's grievances by advising Plaintiff to submit a sick call slip if he believed that he was not receiving the care that he requested. Plaintiff also complains that he was charged three dollars copay for each medical visit, even though he believes that the visits were "follow-ups" and thus should be free of charge.

1   Plaintiff contends that Defendants have violated his Eighth Amendment rights.  Plaintiff
2 requests as relief compensatory and punitive damages, injunctive relief in the form of providing
3 Plaintiff with his requested medical treatment and future treatment, and that all Defendant be
4 reprimanded.

**III.     Analysis**

  **A.     Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff satisfies the objective prong with regards to the denial of his pain medication for approximately three weeks.  Plaintiff alleged that he suffers from chronic pain in his shoulder, which is a sufficiently serious harm.

Plaintiff satisfies the subjective prong with regards to his claim against Defendants Dave, Debbie, and Saldana for denial of his pain medication for approximately three weeks.  Plaintiff

alleges facts which demonstrate that Defendants Saldana, Dave, and Debbie were aware of an excessive risk of serious harm to Plaintiff's health and disregarded it by denying his medication.

Plaintiff fails to state an Eighth Amendment claim against Defendant Gibson. Plaintiff alleges that Defendant Gibson responded to Plaintiff's inmate grievances by instructing Plaintiff to submit a call slip regarding his medical care if he was dissatisfied. Plaintiff fails to allege other facts which demonstrate that Defendant Gibson acted with deliberate indifference. *See Farmer*, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.").

Plaintiff names Defendant medical doctor David, but fails to link Defendant David to any act that would demonstrate a violation of Plaintiff's constitutional or federal rights. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law.").

Plaintiff's allegations regarding lack of referral to an orthopedic specialist are not sufficient to satisfy the subjective prong. Plaintiff alleges at most a difference of opinion between the physician and a prisoner concerning the appropriate course of treatment, which is not sufficient to state an Eighth Amendment claim for deliberate indifference to a serious medical need. *Toguchi*, 391 F.3d at 1058.

Plaintiff's allegations regarding being charged fees for medical services do not violate the Eighth Amendment. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985) (per curiam) (no Eighth Amendment violation when charging prisoners for medical services unless it prevents prisoners from receiving medical care).

**B.     Supervisory Liability**

Plaintiff names Mark Pazin, head sheriff of the Merced County Sheriff's Department, as a Defendant. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable

4

for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to allege facts which demonstrate that Defendant Pazin personally participated in an alleged deprivation of constitutional rights, knew of constitutional violations and failed to act to prevent them, or implemented or promulgated a policy that is itself a repudiation of constitutional rights and is the moving force of the constitutional violation.

### IV.   Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. This action proceeds on Plaintiff's Eighth Amendment claim against Defendants Saldana, Debbie, and Dave for deliberate indifference to a serious medical need by denying Plaintiff his pain medication;
2. All other claims are dismissed with prejudice for failure to state a claim upon which relief may be granted; and
3. Defendants Pazin, Gibson, and David are dismissed from this action.

IT IS SO ORDERED.

Dated:   **January 17, 2013**                    /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28