1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

8

## EASTERN DISTRICT OF CALIFORNIA

9

10    MICHAEL A.MURRAY,                          Case No. 1:11-cv-01313-DLB PC

11              Plaintiff,                       **ORDER DISMISSING ACTION FOR**
                                                 **FAILURE TO OBEY COURT ORDER**
12         v.
                                                 ECF Nos. 16, 17
13    MERCED COUNTY JAIL, et al.,

14              Defendants.

15

16         Plaintiff Michael A. Murray ("Plaintiff") is a prisoner proceeding pro se and in forma

17    pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his Second Amended

18    Complaint on August 16, 2012. On January 18, 2013, the Court screened Plaintiff's Second

19    Amended Complaint and found it stated cognizable claims.  On January 23, 2013, the Court issued

20    an order directing Plaintiff to complete and return service documents within thirty days.  ECF No.

21    16.  Plaintiff did not respond, and the Court's order was returned as undeliverable.  On April 17,

22    2013, the Court issued an Order for Plaintiff to show cause why this action should not be dismissed

23    for failure to obey a court order.  ECF No. 17.  Plaintiff did not respond.[1]

24         Local Rule 110 provides that "failure of counsel or of a party to comply with these Local

25    Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

26    sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

27

28         [1] Pursuant to Local Rule 182(f), "Each appearing attorney and pro se party is under a continuing duty to notify
      the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent
      such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order expressly stated: "Failure to timely respond or otherwise show cause will result in dismissal of this action for failure to obey a court order." Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the

1    Court's order.

2           Accordingly, it is HEREBY ORDERED that

3           1.      This action is DISMISSED for failure to obey the Court's April 17, 2013 Order; and

4           2.      The Clerk of the Court is directed to close this action.

5

6    IT IS SO ORDERED.

7    Dated:   **May 9, 2013**                          /s/ Dennis L. Beck

8                                                      UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28